# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **R.L.**

**No. 17-1081** (Webster County 16-JA-80)

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother E.H., by counsel Howard J. Blyler, appeals the Circuit Court of Webster County's November 8, 2017, order terminating the father's parental rights to R.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the child, also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating the father's parental rights to R.L.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner lacks standing to raise her appeal. For these reasons, a memorandum decision dismissing the appeal is appropriate under Rule 27 of the Rules of Appellate Procedure.

In October of 2016, the DHHR filed an abuse and neglect petition against K.L., the father of R.L. Petitioner is the mother of R.L. and was at all times throughout the proceedings below a non-abusing parent.

The circuit court held an adjudicatory hearing in December of 2016, during which the father stipulated to the allegations contained in the petition. The circuit court accepted the father's stipulation and adjudicated him as an abusing parent. Thereafter, the circuit court held an initial dispositional hearing wherein the father was granted a post-adjudicatory improvement period. The circuit court ordered the father to (1) participate in parenting and adult life skills classes, (2) participate in supervised visitation, (3) remain drug and alcohol free, (4) participate in drug screens, and (5) maintain suitable housing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

The circuit court held a final dispositional hearing in October of 2017, during which several witnesses testified as to the father's noncompliance with his improvement period. After hearing evidence, the circuit court found that there was no reasonable likelihood that the father could correct the conditions of abuse and neglect and that termination was necessary for the child's welfare. It is from the November 8, 2017, dispositional order terminating the father's parental rights that petitioner appeals.[2]

Petitioner argues that the circuit court erred in terminating the father's parental rights to R.L. The record on appeal clearly demonstrates that the father was a party to these proceedings and was represented by an attorney throughout. Simply put, petitioner lacks standing to assert an assignment of error on behalf of another party. We have previously held that

> "[t]raditionally, courts have been reluctant to allow persons to claim standing to vindicate the rights of a third party on the grounds that third parties are generally the most effective advocates of their own rights and that such litigation will result in an unnecessary adjudication of rights which the holder either does not wish to assert or will be able to enjoy regardless of the outcome of the case." *Snyder v. Callaghan*, 168 W.Va. 265, 279, 284 S.E.2d 241, 250 (1981) (citation omitted).

*Kanawha Cty. Pub. Library Bd. v. Bd. of Educ. of Cty. of Kanawha*, 231 W.Va. 386, 398, 745 S.E.2d 424, 436 (2013). This concept has been recognized in regard to parties of child abuse and neglect proceedings. *See In re J.G.*, No. 16–0337, 2016 WL 4611246, at *3 (W.Va. Sept. 6, 2016)(memorandum decision)(recognizing that petitioner father lacked standing to appeal limitation on mother's visitation). As such, the Court declines to address this assignment of error on appeal.

For the foregoing reasons, we hereby dismiss petitioner's appeal.

Dismissed.

**ISSUED**: May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

---

[2]Petitioner's parental rights remain intact as she was a non-abusing parent throughout the proceedings below. The permanency plan is for R.L. to remain in her care.